**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| DICECIL SKIPWITH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MAGNESIUM PRODUCTS OF AMERICA, INC., a Michigan corporation,<br><br>　　　　　　　Defendant. | Case No: 1:24-cv-00782-HYJ-RSK<br><br>Hon. Hala Y. Jarbou |

## [PROPOSED] STIPULATED ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court on the Parties' submission of a proposed settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached hereto as **Exhibit A**.

1. Having reviewed the Parties' Agreement, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement, including the proposed Service Award, the attorneys' fees and expense reimbursements to Plaintiff's Counsel, and the settlement administration fees, as a fair and reasonable resolution of this lawsuit.

2. The above-captioned action asserts unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, on behalf of Foundry Workers who worked at Defendant Magnesium Products of America, Inc's (hereinafter, "Defendant"), Eaton Rapids, Michigan facility between July 30, 2021 and July 22, 2025.

3. On July 30, 2024, Named Plaintiff Dicecil Skipwith ("Plaintiff") filed this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff initiated this action on behalf of himself and all other persons similarly situated, seeking damages for alleged violations of the FLSA (hereinafter referred to as the "Lawsuit"). *See* ECF No. 1.  In general, Plaintiff claims that Defendant failed to pay its Foundry Workers for all compensable work time.  Defendant denies the claims brought by Plaintiff.

4. After engaging in substantial informal discovery, including the production of complete payroll records for all of Defendant's hourly employees, Parties agreed to participate in mediation with a third-party mediator.

5. Mediation took place on July 22, 2025.  Subsequent to the mediation, the Parties mutually and voluntarily agreed to a settlement of the Lawsuit as a collective action.

6. The Settlement will cover the Named Plaintiff and all Eligible Employees who elect to participate in the Settlement by depositing their Settlement Payments. There are approximately 142 Eligible Employees under the terms of the Agreement.

7. The Agreement provides that, in consideration of the Gross Settlement Amount, the claims of the representative Plaintiff and Eligible Employees who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

8. "The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, 2023 WL 8440262, at *1 (E.D. Tenn. Dec. 5, 2023) (*comparing, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no Court approval of attorneys' fees required).

9. A growing number of district courts in other circuits have recently analyzed with more scrutiny whether court-approval of FLSA settlements is required, and many have concluded that approval is not required. *See e.g.*, *Corbett v. Pub. Employees' Ret. Sys.*, 2024 WL 518895 (D. Nev. Feb. 9, 2024) ("Rule 41(a)(1)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same."); *Walker v. Marathon Petroleum Corp.*, 2023 WL 4837018 (W.D. Pa. July 28, 2023) (judicial approval is not required for settlement of a bona-fide wage dispute under the FLSA, for either a single plaintiff agreement or a collective action agreement); *Evans v. Centurion Managed Care of Arizona LLC*, 2023 WL 5095201 (D. Ariz. Aug. 9, 2023); *Regalado v. Albuquerque Mail Serv., Inc.*, 2023 WL 3649001 (D. N.M. May 25, 2023); *Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022).

10. The Sixth Circuit has not decided the issue. Some district courts in this Circuit recently reached the same persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022) (no Court approval required); *see also Reed v. M3K, LLC*, 2023 WL 8440262 (E.D. Tenn. Dec. 5, 2023) (same); *Gilstrap v. Sushinati LLC,* No. 1:22-cv-434, --- F. Supp. 3d ---, 2024 WL 2197824, at *1 (S.D. Ohio May 15, 2024) (same).

11. While the Sixth Circuit has not weighed in on the issue, a growing number of district courts within the Sixth Circuit have found *Gilstrap* persuasive and held that court approval of FLSA collective action settlements is not required. *See Reid v. Peterson Farms, Inc.,* No. 1:24-cv-340, 2024 WL 5374819, at *1 (W.D. Mich. Dec. 9, 2024) ("This Court adopts the reasoning in *Gilstrap* and finds that the Court does not have any obligation or authority to approve the parties' settlement agreement."); *Barrios v. Kamps, Inc*., No. 1:23-cv-584, 2024 WL 4181210, at *1 (W.D. Mich. Sept. 12, 2024) ("This Court adopts the reasoning in *Gilstrap* and

3

finds that the Court does not have any obligation or authority to approve the parties' settlement agreement."); *Cataline v. Beechmont Brewing*, LLC, No. 1:23-cv-621, 2024 WL 4313715, at *1 (S.D. Ohio Sept. 26, 2024) ("This Court agrees with the opinion in *Gilstrap* and joins the trend emerging in this District of eliminating the prudential condition that requires district court approval of FLSA settlements."); *Stephens v. Auto Sys. Ctrs., Inc.*, No. 2:21-cv-5131, 2024 WL 4577862, at *1 (S.D. Ohio Oct. 22, 2024) ("The undersigned finds the reasoning of *Gilstrap* persuasive and concludes that Court approval of the parties' FLSA settlement is neither required nor authorized."); *Berner v. PharMerica Logistics Servs., LLC*, No. 3:23-CV-00142-CRS, 2024 WL 5147039, at *3 (W.D. Ky. Dec. 17, 2024) ("In short, the text of the FLSA does not require court approval prior to settlement or dismissal nor is there binding case law to that effect. Also for the same reasons set out in *Gilstrap*, this Court likewise concludes that it lacks the authority to approve or reject FLSA settlements. Furthermore, the Court agrees that Rule 41 of the Federal Rules of Civil Procedure governs the dismissal of FLSA claims."); *Evans v. RWS Res., LLC*, No. 4:23-CV-00120-GNS-HBB, 2025 WL 354715, at *2 (W.D. Ky. Jan. 31, 2025) ("[T]he Sixth Circuit has never cited *Lynn's Food Stores*, and the more recent trend is to reject the Eleventh Circuit's reasoning to the extent it may require court approval of ordinary FLSA collective action settlements…" The court in *Evans* explained that "it lacks authority to provide judicial approval of FLSA collective-action settlements because there is no FLSA [or] any binding Sixth Circuit precedent requir[ing] or authoriz[ing] district court approval of FLSA collective-action settlements…").

12. But other courts in this Circuit, including this Court, have historically found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g., Ross v. Subcontracting Concepts, LLC*, 2022 WL 6736276 (E.D. Mich. Oct. 11, 2022). Until the Sixth

4

Circuit addresses the issue, out of an abundance of caution, the Court has reviewed the Parties' Settlement.

13.  The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiff's Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Named Plaintiff and Eligible Employees. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

14.  The Court approves the settlement notice attached to the Agreement, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the Settlement as to the Named Plaintiff and all Eligible Employees who elect to participate in the Settlement by negotiating their settlement checks.

15.  The Court approves Services Award to Named Plaintiff Dicecil Skipwith in the amount of $3,500 in recognition of his service in this action, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

16.  The Court approves the payment of attorneys' fees to Sommers Schwartz, P.C. and Melmed Law Group, P.C. in the amount of $62,333.33.

17.  The Court approves reimbursement to Sommers Schwartz, P.C. and Melmed Law Group, P.C. of their litigation expenses incurred in this matter in an amount not to exceed $10,000.

      18.     The Court appoints Atticus Administration, LLC, to serve as settlement administrator and grants if fees in an amount not to exceed $3,500.

      19.     The Court retains jurisdiction over the action to enforce the Settlement, including settlement administration.

      20.     The Lawsuit is dismissed with prejudice.

**SO ORDERED.**

Date:_____

                                                         Honorable Hala Y. Jarbou
                                                         United States District Court Judge

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| */s/ Kevin J. Stoops* | */s/ Felicia S. O'Connor (w/consent)* |
| Kevin J. Stoops (P64371) | Felicia S. O'Connor (P76801) |
| SOMMERS SCHWARTZ, P.C. | FOLEY & LARDNER LLP |
| Attorney for Plaintiff | Attorney for Defendant |

Dated:  September 30, 2025